Cox, J.
This is an action of contract for personal injuries sustained by the plaintiff by reason of the explosion of a bottle of Pepsi-Cola which the plaintiff had purchased from the defendant. The action is based upon an implied warranty of merchantability under the Sales Act, G. L. (Ter. Ed.) c. 106, § 17 (2).
The report states that there was evidence which would justify a finding that there was a breach of implied warranty of merchantability under the Sales Act and that notice of the accident was given by the plaintiff to the defendant within a reasonable time.
On June 18,1947 an attorney in behalf of the plaintiff sent to the defendant the following notice: “Pepsi-Cola Company, Attleboro, Massachusetts Re: Ralph E. Whittemore v. Pepsi-Cola Company Gentlemen: Please be advised that this office represents the plaintiff in the above entitled cause, *110 which is one for personal injuries received Sunday, June 15, 1947, when one of your bottles of Pepsi-Cola exploded and struck the plaintiff in the right eye, as a result of which he has since been under the care of an eye specialist. Would you be kind enough to communicate with this office. Very truly yours, James A. Beilly. ’ ’
The judge allowed the defendant’s fourth request which is as .follows: ‘ ‘ The plaintiff cannot recover damages for breach of implied warranty because of his failure to give a proper and sufficient notice of the accident under G. L. c. 106 (Ter. Ed.) §38.” There was a finding for the defendant.
The case was reported for our determination because the plaintiff claims to be aggrieved by the granting of the defendant’s fourth request for a ruling of law.
The only question for our decision is whether the notice of June 18,1947 satisfied the requirements of the Sales Act. In our opinion the notice was not a proper one and the judge was right in granting the defendant’s request and finding for the defendant.
Under the provisions of G. L. (Ter. Ed.) c. 106, §38, it was incumbent on the plaintiff, as the buyer, to give notice to the defendant, as the seller, of the breach of any promise or warranty within a reasonable time after the buyer knew or ought to have known of such breach and unless such a notice is given the seller shall not be liable therefor. The notice which was given in behalf of Mr. Whittemore to the defendant, is, as counsel for the defendant has pointed out, strikingly similar in form and content to that which was given in behalf of the buyer in the case of Howard v. Lowell Coca-Cola Bottling Company, Mass. Adv. Sh. (1948) 305, 308.
In the Howard case the notice to the defendant was as follows: “Coca-Cola Bottling Co., 39 First Street Lowell, *111 Mass. Gentlemen: Please be advised that I have been consulted by the parents of Ruth Howard, a minor, who received serious injury to her hand on or about October 29th when a bottle of Coca-Cola exploded in her hand. I trust this matter will receive your attention. Very truly yours, Leonard Novick.”
It is acknowledged in that case that neither the statute nor the decisions formulate any precise standard defining the kind of notice required to be given in order to hold a seller of goods hable for any breach of warranty. Nevertheless, the court held that it is settled, and cited the case of Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 369-370, that to hold the seller liable the notice “must refer to particular sales, so far as that is practicable; that it must at least fairly advise the seller of the alleged defects, and that it must be such as to repel the inference of waiver.” The notice must also be such that “it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights. ’ ’ The court held in the Howard case that “the notice did not make it apparent to the defendant that the plaintiff claimed a violation by it of her legal rights which amounted to a breach of warranty. No reference was made in the notice to any sale by the defendant to the plaintiff of the bottle in question, nor does it indicate that the claim arose out of a sale. No statement is contained in the notice as to the place of the alleged explosion of the bottle, nor of the nature of any alleged defect in the bottle. ’ ’ Cases on both sides of the question of notice and the sufficiency thereof are referred to in that decision and the footnotes thereof.
In the case before us we can perceive no important characteristics which may distinguish the notice from that which was given in the Howard case and rest our decision on that *112 case as did the trial judge. See also United Mutual Fire Insurance Co. v. Railway Express Agency, Inc., Mass. Adv. Sh. (1948) 1037. The report shall be dismissed.